# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 976 | **DATE** | 9/18/2002 |
| **CASE TITLE** | Miranda O'Neal vs. Altheimer & Gray, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Altheimer & Gray's Bill of Costs is GRANTED IN PART. The Defendant is awarded total costs of $4,893.80 as follows: (1) $3,360.50 in deposition transcript fees; (2) $320.00 in witness fees; (3) $725.00 for subpoena service fees; (4) $488.30 for both internal and external copying fees.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 2 0 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED
SEP 18 2002
Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
SEP 20 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIRANDA O'NEAL,

    Plaintiff,

v.

ALTHEIMER & GRAY, TERRY SCHLADE
and LOUIS GOLDMAN,

    Defendants.

Case No. 99 C 0976

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Petition for Costs which it timely filed after this Court granted summary judgment in favor of Altheimer & Gray, Terry Schlade, and Louis Goldman (collectively "A&G"). A&G requests that Plaintiff be taxed $9,216.09 in costs pursuant to 28 U.S.C. § 1920; FED. R. CIV. P. 54(d); and Local Rule 54.1. The Plaintiff raises numerous objections to the items claimed in Defendant's Bill of Costs.

### DISCUSSION

FED. R. CIV. P. 54 (d) provides "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. § 1920 specifies the costs that may be recovered pursuant to Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The costs explicitly allowed by § 1920 are: (1) fees of the clerk; (2) fees for transcripts; (3) fees for

printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters.

Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *Coyne-Delany Co., Inc. v. Capital Development Bd.*, 717 F.2d 219, 222 (7th Cir. 1988). However, district courts possess wide discretion in determining whether expenses claimed by the prevailing party are actually taxable as costs. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). This court must review a prevailing party's bill of costs in scrupulous detail. As the Supreme Court has explained, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Thus, Defendant A&G is entitled to recover costs only if (1) the expenses are allowed under § 1920, and (2) the expenses are reasonable, both in amount and necessity to the litigation. *Deimer*, 58 F.3d at 345.

The Defendant seeks recovery for the following in its Bill or Costs: (1) $5,831.75 for deposition transcripts; (2) $356.00 for witness fees; (3) $725.00 for subpoena service charges; (4)

$1,719.00 for internal copy costs; and (5) $584.34 for outside reproduction costs. The Plaintiff raises objections to all of the costs claimed by Defendant. The court will review each of the claims costs in turn.

### *Deposition Transcripts Fees*

The Defendant requests that Plaintiff be taxed $5,831.75 for transcript deposition fees of proceedings and depositions obtained for use in the case. The Plaintiff objects to the charges for the deposition fees of Janis Mang-Nick ($348.85) and Rita Gerch ($159.80) because of Defendant's failure to mention these two witnesses in their Motion for Summary Judgment. As Defendant highlighted, however, the Plaintiff noticed those witnesses, thus Defendant is allowed copies of those transcript depositions. *Int'l. Oil, Chemical and Atomic Workers, Local 7-517 v. The Uno-Ven Co.*, 1998 WL 895557 (N.D. Ill.)

As for the remainder of each of the fifteen deposition witnesses, Defendant includes the cost of various other items such as delivery, manuscript/keyword referencing, ASCI disk copying, e-transcription, etc. The court will only grant what has been designated by the Judicial Conference for allowable charges. VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS MANUAL Ch. 20, pt. 20.8 (1988)("Court

Reporters Manual"). *See also, Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998)(holding that Judicial Conference rates apply to deposition charges by private stenographer as well as court reporters). Therefore, the copy rate established by the Judicial Conference for regular original deposition transcripts is $3.00 per page. This fee covers *all* costs of transcript production. *Id.* The copy rate established by the Judicial Conference for regular copies is $0.75 per page. Additionally, the maximum per-page rate for condensed copies of a transcript is the same as that for a full-sized transcript. Furthermore, charges for ASCII diskettes of depositions transcripts or e-transcripts, which are merely for the attorney's convenience and not necessary to litigating the case, are not allowed. *Jones v. Bd. of Trustees of Community College Dist. No. 508*, 197 F.R.D. 363, 364 (N.D. Ill. 2000). For instances where the invoice lists no total number of pages transcribed, the court cannot determine if the charges are within the Judicial Conference guidelines, thus they are denied. Moreover, courier and Federal Express charges incurred in the course of litigation are generally disallowed, in view of the fact that "such expenses are generally considered overhead, or part of the cost of operating a law firm." *See Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1144 (7th Cir. 1994).

The following chart lists the amount allowed per deposition witness according to the established rates of the Judicial Conference:

| Name | Amount Requested | Number Pages | Amount Granted |
|---|---|---|---|
| Janet Kyte - copy | $ 206.60 | 88 | $ 66.00 |
| Rita Gerch - copy | 468.50 | 220 | 165.00 |
| Rita Gerch II - copy | 159.80 | 54 | 40.50 |
| Janis Mang-Nick - original | 348.85 | 91 | 273.00 |
| Laura Marie Klos - copy | 254.00 | 100 | 75.00 |
| Paula Trumper - original | 806.25 | 222 | 666.00 |
| Paula Trumper - copy | | | 166.50 |
| Miranda O'Neal - original (expedited) | 1,447.70 | 323 | 1,292.00 |
| Louis Goldman - copy | 322.15 | 77 | 57.75 |
| Susanna Schlesinger - original | 340.50 | None | 0.00 |
| Terry M. Schlade - copy | 220.75 | 67 | 50.25 |
| Dorothy Jones - original | 270.40 | None | 0.00 |
| Reza Haghighat - original | 249.00 | None | 0.00 |
| Jalal Abtahi - original | 234.00 | 48 | 144.00 |
| Bonnie Lovette - original | 421.60 | 110 | 330.00 |
| Nancy Baranowski - copy | 113.50 | 46 | 34.50 |
| **TOTAL:** | | | $ 3,360.50 |

### *Witness Fees*

The Defendant seeks recovery of $356.00 for witness fees for the following witnesses: $50.00 for Laura Klos, $56.00 for Paula Trumper, $40.00 for Dr. Susana Schlesinger, $40.00 for Dr. Jalal Abtahi, $40.00 for Dr. Dorothy Jones, $40.00 for Dr. Reza Haghighat, $90.00 for Bonnie Lovette (also includes subpoena *duces tecum*). Witness fees are allowable under § 1920(3) pursuant to 28

U.S.C. § 1821. However, a "subsistence" fee is granted dependent upon the distance traveled. The Defendant has failed to list those witnesses that required extra "subsistence" or the exact distance traveled to be tabulated according to the maximum per diem allowance prescribed by 5 U.S.C. § 5702(a). Therefore, Defendant is allowed to tax only $40.00 per witness fee for a total of $ 320.00.

### *Subpoena Service Fees*

The Defendant seeks $725.00 for subpoena service fees. Pursuant to § 1920(1), subpoena service fees are taxable unless it is challenged as unreasonable or unnecessary. However, the court notes that Plaintiff does not clearly articulate why the service fees were unreasonable or unnecessary. *See Carpenter v. Ford Motor Co.*, 1993 WL 34831 (N.D. Ill.). Therefore, the court deems $725.00 as reasonably taxable for subpoena service fees.

### *Copying Fees*

The Defendant next requests recovery of $1,719.00 for 11,460 various pages that were internally copied by A&G at $0.15 per page. In addition, A&G asks for $584.34 for external copying costs for various copying and Bates labeling.

The Defendant is entitled to recover the costs necessary for making necessary copies of necessary documents. Extra copies of

filed papers are not necessary.  They are for the convenience of
the attorneys, and so the cost of extra copies is not taxable.
*Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 38
F.3d 1429, 1441 (7th Cir. 1994).  The Seventh Circuit has clearly
stated that charges for in-house reproduction may not exceed the
charges of an outside print shop.  *Martin v. United States*, 931
F.2d 453, 455 (7th Cir. 1991).  The Court notes that local print
shops charge $0.09 to $0.10 per page for standard photocopying and
finds that $0.10 per page is a reasonable charge for both in-house
and external copying.

Copying documents for production in discovery is clearly
necessary and recoverable.  For documents filed with the court,
only copies for the court and one copy for opposing counsel are
necessary.  The cost of additional copies made for the convenience
of counsel is not recoverable.  Discovery requests and responses of
original documents and copying costs for these items are not
taxable.

The court will grant Defendant costs at $0.10 for only those
internal documents that were described with enough detail to be
necessary for litigation.  After sorting through A&G's Account
Detail Sheet, only those marked discovery, motion or summary
judgment and those within reasonable numerical amounts were

considered necessary for litigation. Upon the court's research through the Defendant's account sheet, the court finds that there were 1,952 pages necessary for litigation. Accordingly, Defendant is allowed to recover $195.20 for internal copying.

The Defendant seeks $584.34 for external copying costs and Bates labeling. Applying the court determined standard of $0.10 in lieu of the receipt listed $0.16 per page, the court recalculates the total number of 2,931 pages copied to be taxable for $293.10.

## CONCLUSION

Based on the standards and computations set forth above, Defendant Altheimer & Gray's Bill of Costs is GRANTED IN PART. The Defendant is awarded total costs of $4,893.80 as follows: (1) $3,360.50 in deposition transcript fees; (2) $320.00 in witness fees; (3) 725.00 for subpoena service fees; (4) $488.30 for both internal and external copying fees.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: September 18, 2002